

```
******************************************************************
                            *
SHAWN DUFFY,                *         CIV 12-1007
                            *
            Petitioner,     *
                            *
     -vs-                   *         OPINION AND ORDER
                            *
BROWN COUNTY, SOUTH DAKOTA, *
                            *
            Respondent.     *
                            *
******************************************************************
```

Petitioner previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that he was detained at the Brown County, South Dakota, jail in violation of his rights under the United States Constitution, specifically his right to the assistance of counsel and a speedy trial under the Sixth Amendment. He also contended that his jailors were interfering with his First and Sixth Amendment rights to send and receive legal mail.

The record in the previous case showed that petitioner was arrested on March 17, 2011, and charged by criminal complaint in the Fifth Judicial Circuit, Brown County, South Dakota, with three counts of possessing controlled substances - Ridalin, Xanax, and Endocet - by theft, misrepresentation, forgery, or fraud, one count of keeping a place for the use or sale of a controlled substance, and one count of the use or possession of drug paraphernalia. On April 21, 2011, a grand jury returned an indictment charging the identical charges set forth in the previous complaint with the addition of two more charges of possession of a controlled substance - Hydrocodone and Methadone. On June 23, he was charged with attempted possession of alcohol in his jail cell. On June 30, 2011, the State filed an habitual offender information.

I issued an order to Brown County to show cause and the matter came on for hearing on December 27, 2011. The parties were ordered to file simultaneous briefs on December 30, 2011. On that day, he was charged by complaint with assaulting another inmate which alleged crime took place in November of 2011. Petitioner claimed that, in filing of the additional charge on December 30, the prosecutor acted out of vindictiveness and in an attempt to prevent the federal court from issuing a writ of habeas corpus and ordering the release of petitioner. Petitioner was at that time scheduled to go to trial in February, 2012, nearly a year after he was arrested.

I found that the filing of the charge on December 30 after the habeas corpus hearing was held and in connection with an offense alleged to have occurred in November was indeed suspicious. I also found that petitioner's claims as to violations of his Constitutional right to a speed trial raised at least a colorable issue. However, the petitioner had failed to exhaust his state court remedies and the application was denied.

Petitioner filed the instant petition for a writ of habeas corpus in March 2012. He again contends that he has not been timely brought to trial in state court and that he is without the effective assistance of counsel. He has made various other complaints in his supporting paperwork as well. He challenges the conditions of his pre-trial confinement, claims that he has been unfairly treated by one jailor, has been in 23 hour a day lock down, and that his inmate moneys are being mishandled.

The file indicates that, On February 21, 2012, eleven months after his arrest, the Brown County States Attorney dismissed four counts of his original charges for obtaining a controlled substance by theft, misrepresentation, forgery, or fraud. On May 7, 2012, petitioner was indicted in state court for the alleged possession of alcohol or marijuana in jail on March 8, 2012. State court appointed counsel Chris Dohrer filed a motion in state Circuit Court on May 15, 2012, to dismiss the state court indictment on the grounds that the defendant's right to a speedy trial had been violated. On June 26, 2012, petitioner was returned to the Human Services Center in Yankton, South Dakota, for another competency evaluation. The evaluator stated that he spent two hours evaluating the petitioner. No other court documents exist in the file to show what has transpired in state

court. Petitioner claims in his letters that he did not see his state court appointed counsel between March and August. His trial on at least some of the charges was scheduled for August 22, 2012, and has now been held. He has been convicted by a state court jury of some of the charges.

As I set forth in my opinion and order in Duffy v. Brown County, CIV 11-1038, although there were clearly irregularities in the state court proceedings and at least a colorable claim that the petitioner's Sixth Amendment right to a speedy trial was violated as to some of the charges he was facing, he must first present those claims to the state courts prior to filing a federal petition seeking habeas corpus.

There is nothing in the record to indicate whether petitioner has been convicted of any of the charges filed against him in state court although the local newspaper has reported the convictions. After being sentenced in state court, he can appeal his conviction and sentence, along with any denial of his pretrial motion to dismiss, to the South Dakota Supreme Court. If he is not successful, he must exhaust his state court habeas remedies pursuant to SDCL 21-27-1 as required by 28 U.S.C. § 2254(b) prior to asserting these claims in federal court.

Based upon the forgoing,

IT IS ORDERED:

1. Petitioner's petition for a writ of habeas corpus is denied.
2. Petitioner's motion, Doc. 3, to proceed *in forma pauperis*, is denied as moot.
3. Petitioner's motions, Docs. 54 and 55, are denied as moot.

Dated this 27th day of August, 2012

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

3